IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO CLARK, # 223067,    )
              )
  Plaintiff,        )
              )
v.            )  No. 3:25-cv-00868
              )
METRO GOVERNMENT TENNESSEE )  JUDGE CAMPBELL
 DAVIDSON COUNTY, *et al.*,    )
              )
  Defendants.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Clark, who is currently in custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). The Complaint is now before the Court for initial review.

### I.  FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

2

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II.     SCREENING STANDARDS

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court's "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.     THE COMPLAINT

Plaintiff indicates that he is a pretrial detainee. (Doc. No. 1 at 4).

The Complaint names two Defendants: "Metro Government Tennessee Davidson County" and Officer Shawn Tikaelin, in his individual and official capacities. (*Id.* at 1−2). Plaintiff describes Officer Tikaelin as a "Metro Government employee." (*Id.* at 3).

3

Plaintiff alleges that Officer Tikaelin arrested him without probable cause on October 3, 2024, for possession of a controlled substance and drug paraphernalia. (*Id.* at 3−4). He further alleges that Officer Tikaelin seized $120 from him. (*Id.* at 5).

Plaintiff asserts that Officer Tikaelin's actions violate the Fourth Amendment and constitute racial discrimination. (*Id.*) He seeks $200,000 in punitive damages. (*Id.*)

## IV.   ANALYSIS

Construing the Complaint in the light most favorable to Plaintiff, Plaintiff has alleged a viable Fourth Amendment claim against Officer Tikaelin in his individual capacity. This claim will proceed, while all other claims will be dismissed.

### A.   Claim to Proceed

"[C]laims for false arrest . . . are . . . constitutionally cognizable and . . . arise under the Fourth Amendment." *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Id.* (quotation marks omitted). Here, Plaintiff alleges that Officer Tikaelin arrested him without probable cause. That is sufficient, if barely so, to allege a viable Fourth Amendment claim. This claim will proceed against against Officer Tikaelin in his individual capacity.

### B.   Claims to Be Dismissed

An official-capacity claim is equivalent to a claim against the entity that a defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). Here, that appears to be Metro Nashville. (*See* Doc. No. 1 at 3). Regardless, to state a viable Section 1983 claim against any municipal entity, Plaintiff must allege that the Defendant's policy or custom directly caused him to suffer the alleged constitutional violation. *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243

4

(6th Cir. 2017). Plaintiff makes no such allegations here, so his official-capacity claims against Officer Tikaelin and his claims against Metro Government Tennessee Davidson County will be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff seeks raise claims based on the Fourteenth Amendment's Equal Protection Clause, they will be dismissed for failure to state a claim upon which relief may be granted. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Here, Plaintiff alleges no facts to support a viable Equal Protection claim. Indeed, he does not allege that he is a member of a protected class. Therfore, his claim "fails at the inception." *Id.*

## V. STAYING PROCEEDINGS

Plaintiff describes himself as a pretrial detainee, from which the Court infers that Plaintiff faces ongoing prosecution for one or more of the offenses for which he was arrested. (Doc. No. 1 at 4). Later filings reinforce this conclusion. (*See*, *e.g.*, Doc. No. 13 (Motion to Suppress Evidence). Thus, the appropriate course of action is to stay this civil case for as long as it takes to resolve Plaintiff's state criminal proceedings. *Wallace v. Kato*, 549 U.S. 384, 393−94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . , it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

## VI.    CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Plaintiff's Fourth Amendment claim **SHALL PROCEED** against Officer Tikaelin in his individual capacity. All other claims are **DISMISSED**. The Clerk **SHALL** terminate "Metro Government Tennessee Davidson County" as a Defendant on the docket.

This action is **STAYED** until resolution of Plaintiff's state criminal prosecution. The Clerk **SHALL** administratively close this case. Plaintiff shall notify the Court **within 45 days after** the resolution of his state-court prosecution, including any direct appeal, at which point the case may be reopened if appropriate.

Plaintiff's pending motions (Doc. Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16) are **DENIED** without prejudice to refiling if this case is reopened.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE